May it please the Court, I don't think that the felon can argue his position more clearly than it has been argued in our brief, and I would like to not take up too much time arguing our position unless the Court has questions, but to ask the Court that our position is consistent with the rule of lenity. Let me go ahead and pose some questions, then, if I could. Fine. Is it correct, do I understand your brief correctly to say that it's really the Booker decision that has opened the door to your argument, because under the guidelines, probation would be precluded? Exactly. In other words, this analysis that I have made of the statutes, I wouldn't have even bothered to look for it before the Booker decision, because the book, because the guidelines say that if there is a mandatory minimum, then that is the sentence. Well, Booker tells us, the remedial decision in Booker, the second part of Booker that led to the situation we have now, with the guidelines being effectively advisory, resulted from a quest in Justice Breyer's decision to determine what Congress would have done had it appreciated the problem which the first part of the Booker decision identified, and I think we're trying to, we're sort of on the same venture here in trying to figure, okay, what did Congress intend here? Given that the statute for probation provides, as you acknowledge, that probation is not available if the offense is one for which probation has been expressly precluded, the guidelines expressly precluded probation. So why shouldn't we conclude that's what Congress intended, since at the time they adopted the mandatory minimum, which I guess was in the Protect Act, the guidelines said you couldn't have probation for this offense if you had a mandatory minimum? Well, I don't think that the Congress said to the sentencing commission that they had to do that, that they did do that. And congressional intent, of course, is not sitting around trying to guess, you know, what are those, you know, 100 senators thinking about legislative intent by rules of construction? And you only go to that when you have a problem with the plain meaning. I don't think we have any problem with the plain meaning here. I think the plain meaning is it's very clear when they say expressly precluded, because there is nothing in any of the statutes that's expressly precluded and precludes this, and the sentencing commission decided that they were going to do that, and that's only effectively advisory. The language of the statute doesn't say precluded in the statute itself. The offense is an offense for which probation has been expressly precluded, period. Even the has been is a little peculiar. The statute says a mandatory minimum of five years. It doesn't use the word probation. But the guidelines, you acknowledge, did expressly preclude. Right. And I wouldn't be here if we had the guidelines, if the guidelines were not effectively advisory. At least in your case. But there may be cases, for example, where it says for an offense which is probation has been expressly precluded. There are some statutory and they say you can't get probation. So those kind of statutes would fall under here. Correct. Right. If this was a drug case, we wouldn't be here. And if we use the English language in the way it's usually used to say that there's a mandatory minimum implies that you do not get probation, but it does not expressly state that you do not get probation. That's our position. Is it your position that as you see the law, the judge could give a sentence less than five years and then put the offender on probation? Yes. That's your position. You're not asking for a bribe. The judge has to give probation in this case. No. You're just saying that there's an option there that if you wish to put him on probation for two years and give him three years in the penitentiary, the judge could do that. What we're saying is what the Ninth Circuit, Your Honor, first said when the sentencing guidelines came out on November 1st, 1987. They said, this is whack. You're taking away the discretion of the bench. We have judges. Let them judge. And throughout the guidelines, of course, the Supreme Court disagreed. All we're saying is we're not saying that Judge Liu in this particular case could not have given my client five years. We're only saying if he doesn't want to give him five years, let's not make him give him five years because it's not expressly precluded. And Judge Liu, I suppose luckily for us, if he had said, well, I would have given him five years anyway, we also wouldn't be here. But Judge Liu, the difficulty here is that Judge Liu thought he didn't have any discretion. That's right. Whereas the statute, if you read it on its face, would give you discretion unless you can find something that says absolutely no. Well, I think, yeah, my impression for what it's worth of Judge Liu, and I don't appear before him often because he's from the central district of California, a city out in Guam, but my impression of what he was saying was, well, you know, this is a case of impression. And I'm not going to take it upon myself to take a bit of my teeth and make new law here. Let's see what the Ninth Circuit has to say. But he indicated, especially when I moved for release pending appeal, he said, well, I would have given your client some time anyway, which we're not saying to this court here, you know, order the district court to give him probation. We're only saying send it back down for resentencing with that option. Let's let the judges judge. Let me ask you, as a practical matter, would it give him the mandatory minimum and then suspend part of it and put him on probation? No, I don't think so. We sort of talked about that because I was. But I mean, as a practical matter, in order to comply. I think. Do you want to wait until I finish? I'm sorry. So that he could comply with the mandatory minimum statute. Would that be the procedural posture of a sentence? I think the way to go on that is you have 3553 E, which allows for exceptions to probation. You have F, which allows for exceptions to probation in certain cases. And I was I think this would be treated as an exception to probation as opposed to the old system of suspending and then putting on probation. I think that's the way it would be done. And he wants to put him in jail at all. It may be. It may be that he would be limited to putting in declaring probation and putting him in jail for no more than one year because of the way the probation statute is. I think there's no further questions. You can reserve your remaining time. Thank you, Your Honor. We'll hear from the government. Please, the court. Karen Johnson, appearing for the United States. I want to apologize for being late. There's an elevator in this building that goes down and only down, down to P6. Well, we're glad you found one that came back up. I'm just humiliated. It's all right. No apology needed. What goes down has to come up. It did eventually. I'll get it right into the microphone. Would you? Yes. Is this better? Just have to try to keep your voice up. All right. Thank you. The government's position is that the specific controls over the general. The statute specifically describes the five-year mandatory minimum. And in particular, in view of the statutory construction at the time the PROTECT Act was written, it is consistent with congressional intent, because, of course, Congress could not anticipate Booker, that, in fact, they intended a person to get a mandatory five-year. And the only way around that was if a substantial assistance motion was made pursuant to 3553E and 5K1.1. Well, there are some statutes, 841, for example, that have language that expressly preclude probation as an alternative. We don't have language like that. Yes. In this criminal statute, does that suggest the absence of that language means that probation is available? No, Your Honor. I think, as I pointed out in my brief, and I have to confess, I could not find congressional history on this. I believe that what Congress was doing was allowing a way of getting below the statutory minimum, but for certain offenses that I thought were most serious, the drug offenses, the career criminal and armed career criminal offenses, that probation would not be allowed under any circumstance. Why do they need to put that in there? Excuse me? Why do they need to put that in there if your interpretation is correct? Because there are situations where the courts, I think they would believe, and I would agree, would give probation. For example, alien smuggling. We have a huge problem with alien smuggling of Chinese into Guam. We have people who are convicted. They're looking at a mandatory three to five years. That's five years from the third alien on up, and they want to give substantial assistance. We just had a man sentenced to probation two weeks ago who worked undercover for us for five years. We pled guilty in 1999, and he got probation with our concurrence. I think if he had been an armed offender or if this had been a drug case, he would never have qualified for probation no matter how much good he had done for us. Now, is this under a motion by the government? It was a motion under the government. Yeah, well, I take it your position basically is when the statute says mandatory minimum of five years by incarcerating, it uses imprisonment, doesn't it? Yes, Your Honor. That means you can't have probation. It's just excluded by the express language. That's our position. I hope it were otherwise, but... Have you looked at the prior statute, which has been interpreted to mean that even in a space of a mandatory minimum, you can get probation? No, Your Honor. It's basically the same statute that we have now. It just got slightly reworded. No, I'm not familiar with that. All right. I could not find any legislative history on why Congress changed the statute to make it the way it was, except that there seemed to be a great deal of, I don't want to say posturing by Congress, but a great deal of talk about prohibiting the exploitation of children. But you're talking about changing what, the probation statute or the... No, changing the protect statute. Okay, because there is legislative history with respect to the probation statute that says it doesn't create a presumption one way or the other, and it leads to the guidelines, the details, which is essentially the argument made by Mr. Mueller's counsel. And I think the fact that at the time the protect statute was passed, the Booker case had not been decided. But again, we're into the situation of anticipating what Congress would have done had the Booker case been before it at the time. Well, are we really? Don't we just take a, don't we interpret the statute as written and not try to divine an intent if there's no ambiguity in the statute? Yes, Your Honor. And I have to admit that there is a contradiction. You have a statute saying probation is allowed for C felonies, and you have a statute saying no, in essence, a mandatory five years. On its face, I think that creates a conflict. And Mr. Trapp very cleverly saw it, which he's very good at doing, fine appellate attorney. But I think that, again, the specific controls are with the General, particularly in view of the history of the Booker decision. All right. No further questions.  The government says a little differently than what they said in their brief. They said you'll have to pull the mic. I'm sorry. The government says something a little differently than what they said in their brief in their brief. I suggest that they conceded our position because on pages three to four and which is quoted on page three of my reply, Congress provided for mandatory minimum sentences for many offenses throughout the code. Many expressly preclude a sentence of probation. So they acknowledge that this is expressed preclusion and give three examples. Let me give an example of one that doesn't. On the other hand, a certain statute calls for a mandatory minimum term of three years incarceration for those convicted of a first or second offense of alien smuggling for profit and makes no express prohibition against probation. Exactly our point. And counsel also mentions the exploitation of children. And I would say that my client exploited children. If he paid one penny for looking at this stuff on the Internet, he got on the Internet and he looked at pictures and through an unusual set of circumstances. They found that he had done that. He never paid for them. He never signed up for him. He never joined any Web site or anything of the sort. He just looked at the pictures and now his life has been trashed. He's sitting in Arizona for five years. Thank you. Thank you. The case of the United States versus Mueller is submitted.
judges: Bright , McKeown, Clifton